# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK ELLIOTT, | Case No. 2:15-CV-01143-APG-VCF |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PUNITIVE DAMAGES CLAIM** |
| v. | |
| THE PRESCOTT COMPANIES, LLC, *et al.* | (ECF No. 19) |
| Defendant. | |

Plaintiff Mark Elliott sues The Prescott Companies, LLC and Oakridge Industries, Inc., two companies that resurfaced the rooftop pool deck of Veer Towers, a high-rise condominium in Las Vegas, Nevada. Elliott, who resided at Veer Towers while the resurfacing occurred, claims that the defendants used toxic chemicals that were vented into the nearby air-intake units, resulting in chemical fumes circulating into his residence. Elliott claims that he suffered unspecified injuries as a result. He further alleges that he is entitled to punitive damages because the defendants knew the chemicals they used were not intended for residential developments and were warned the fumes had entered the building.

Oakridge moves to dismiss Elliott's punitive damages claim, arguing that he has failed to plead facts demonstrating that the defendants acted with malice, oppression, or fraud. I grant Oakridge's motion, but I will allow Elliott to amend his complaint to plead sufficient facts to support a claim for punitive damages, should such facts exist.

## I. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (internal quotation marks omitted).

I apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth, even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit me to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and brackets omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

II.   ANALYSIS

"Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct." *Countrywide Homes Loans, Inc. v. Thitchener*, 192 P.3d 243 (Nev. 2008) (citing *Bongiovi v. Sullivan*, 138 P.3d 433 (Nev. 2006)). To recover punitive damages, a plaintiff must prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied . . . ." Nev. Rev. Stat § 42.005. Elliott's complaint appears to allege that the

defendants' actions and omissions constitute implied malice and oppression. *See* ECF No. 1 at 11–14.

Implied malice "means . . . despicable conduct [that] is engaged in with a conscious disregard of the rights or safety of others." Nev. Rev. Stat § 42.001(3). Similarly, oppression is "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." *Id.* § 42.001(4). A defendant acts with conscious disregard when he has "knowledge of the probable harmful consequences of a wrongful act and . . . willful[ly] and deliberate[ly] fail[s] to act to avoid those consequences." *Id.* § 42.001(1).

Conscious disregard requires a "culpable state of mind" and therefore "denotes conduct that, at a minimum, must exceed mere recklessness or gross negligence." *Thitchener*, 192 P.3d at 255. In *Thitchener*, the defendant, a mortgagee, willfully ignored clear signs of probable harm when it foreclosed on the wrong condominium unit despite multiple warnings signs of a mix-up. These "red flags" included (1) multiple documents on file showing that it was the wrong condominium unit, (2) the mortgagee's realtor informing an employee of the potential mix-up, and (3) multiple reasons to suspect that the unit had not been abandoned. *Id.* at 255–56. Rather than investigate these issues and adjust its foreclosure plan, the defendant repeatedly ignored the red flags, leading the Nevada Supreme Court to conclude that the defendant's actions and omissions "indicated a willful and deliberate failure" to avoid the harm the plaintiffs suffered. *Id.* at 256.

Here, Elliott has failed to include in his complaint allegations demonstrating that the defendants acted with conscious disregard of his safety or rights. He merely alleges that the defendants used chemicals "well known to be toxic and extremely hazardous"; that they "knew or should have known that it was extremely dangerous to expose people . . . to these chemicals"; and that they "were actually warned that the use of these chemicals on the rooftop . . . was causing these toxic fumes" to enter the air ducts and condominiums. ECF No. 1 at 11–12.

These allegations are conclusory. Elliott does not allege any facts that establish that the fumes from the unnamed chemicals the defendants used were hazardous. He also does not detail

what injuries he allegedly suffered, what treatment he sought, or when he began to manifest symptoms. Nor does his complaint elaborate on what information was conveyed to the defendants to inform them that toxic fumes had begun to vent into the building or when this information was conveyed. Rather, he asserts in his response to Oakridge's motion that an unspecified individual or individuals asked the defendants about a smell possibly resulting from the chemicals. ECF No. 23 at 5. Even if Elliott had included this additional detail in his complaint, it would only allege that the defendants were aware of an odor, not that Elliott or any other resident was becoming ill after inhaling the related fumes. Thus, there are insufficient allegations in the complaint to establish that the defendants had knowledge of probable harmful consequences of the chemicals they were using and deliberately failed to avoid them.[1]

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Oakridge's motion to dismiss Elliott's punitive damages claim (**ECF No. 19**) is **GRANTED**. Elliott is granted leave to amend his complaint to cure the defects in his claim if sufficient facts exist. Elliott must file the amended complaint within 21 days of entry of this order.

DATED this 17th day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The complaint does not contain allegations that the defendants acted fraudulently. However, Elliott claims for the first time in his response that, when asked about the chemicals' odor, "the defendants falsely assured the residents that the toxic fumes were harmless, causing them to experience further exposure." *Id.* District courts generally look only at the four corners of a complaint when ruling on a motion to dismiss. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Therefore, I will not consider this external allegation. But even if Elliott had included this allegation in his complaint, it lacks the specificity required under Federal Rule of Civil Procedure 9(b).