# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARK ELLIOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PRESCOTT COMPANIES, LLC, dba<br>PRESCOTT MANAGEMENT, *et al.*<br><br>    Defendants. | 2:15-cv-01143-APG-VCF<br>**ORDER**<br><br>MOTION FOR PROTECTIVE ORDER, HEARING, AND SANCTIONS [ECF NOS. 129, 131, 132] |

Before the Court is Defendant Oakridge Industries, Inc.'s ("Oakridge") Motion for Protective Order, Hearing, and Sanctions. (ECF Nos. 129, 131, 132). For the reasons discussed below, Oakridge's motion for protective order and sanctions is granted. The motion for a hearing is denied.

## BACKGROUND

This case involves injuries allegedly sustained by Plaintiff when toxic chemicals associated with resurfacing pools and decks were vented into Plaintiff's residence. (ECF No. 1 at 26). The discovery deadline in this case has been extended several times. (ECF Nos. 17, 31, 33, 71). The last discovery deadline set was November 17, 2017. (ECF No. 86).

Plaintiff originally sent out notices of the deposition of Chris Eskridge, on-site manager for the resurfacing project and former employee of Oakridge, on October 26, 2017. (ECF No. 137 at 2). The deposition was set for November 15, 2017. (*Id.*). However, the deposition did not go forward on that date because Plaintiff was unable to locate Eskridge. (*Id.* at 3). Plaintiff did not move to extend discovery deadlines for this deposition.

1

On December 6, 2017, after the close of discovery, Plaintiff asked Oakridge for Eskridge's last-known address. (ECF No. 137-4). Oakridge did not respond to the email. (ECF No. 137 at 3). Plaintiff eventually located Eskridge and sent Oakridge a notice of his deposition to Oakridge on February 1, 2018, with the deposition to be conducted on February 16, 2018.[1] (*Id.*. ECF No. 129 at 3).

On February 7, 2018, Oakridge filed a motion for protective order. (ECF No. 129). Oakridge argues that, "Plaintiff's actions violate the Court's discovery orders and the notice of deposition is untimely and should not be allowed to proceed." (*Id.* at 7). Oakridge also moves for attorney's fees and costs associated with bringing its motion because "Plaintiff's counsel did not offer any justification for this untimely notice of deposition." (ECF No. 131 at 8). In opposition, Plaintiff argues it should be allowed to depose Eskridge after the close of discovery because (1) Oakridge failed to help locate Eskridge and (2) there is good cause to modify the Court's scheduling order due to the important evidence Eskridge may provide. (ECF No. 137 at 3-5).

## DISCUSSION

"The court may, for good cause, issue an order to protect a party or person" from improper discovery. Fed. R. Civ. P. 26(c). In addition, the court may sanction a party that "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Court finds good cause to grant Oakridge's motion for protective order and prevent Eskridge's deposition. Discovery has closed in this case. Plaintiff failed to move to extend the deadline or seek the Court's permission to depose Eskridge before noticing Eskridge's February 16, 2018 deposition. In

---

[1] The Court vacated this deposition pending the outcome of Oakridge's motion for protective order. (ECF No. 133).

addition, there is no good cause to extend the discovery deadline, again, in this case. Though Plaintiff argues Oakridge did not assist in locating Eskridge, Plaintiff did not ask for Oakridge's help until after the close of discovery. The Court is not persuaded by Plaintiff's arguments regarding de bene esse depositions or Fed. R. Civ. P. 56(d). Eskridge's deposition would not be utilized solely as a "trial deposition[] used in place of a witness's live testimony." *Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-CV-01995-GMN-CWH, 2016 WL 1170985, at *5 n.4 (D. Nev. Mar. 23, 2016). Plaintiff states that though Eskridge "may be unavailable" he "is expected to testify at trial." (ECF No. 137 at 4). Plaintiff also cites Eskridge's lack of deposition in his opposition to a pending motion for summary judgment. (ECF No. 125 at 9). Plaintiff's arguments regarding a potential extension of discovery pursuant to Fed. R. Civ. P. 56(d) are not properly before this Court, as they were raised in Plaintiff's opposition to a pending motion for summary judgment. (*Id.*).

In addition, the Court finds awarding sanctions is appropriate in this case. "[T]he court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with [Fed. R. Civ. P. 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Plaintiff's failure to comply with the Court's scheduling order was not substantially justified. Plaintiff has been warned before regarding the importance of court-imposed deadlines. (*See* ECF No. 140). Plaintiff's failure to abide by the Court's scheduling order caused Oakridge to file its motion for a protective order.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Oakridge's Motion for Protective Order and Motion for Sanctions (ECF Nos. 129, 131) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall pay Oakridge $1,000 to partially offset attorney's fees attributable to the motion for protective order. Payment is stayed pending further order of the Court upon the resolution of this lawsuit.

IT IS FURTHER ORDERED that Oakridge's Motion for Hearing (ECF No. 132) is DENIED.

DATED this 5th day of March, 2018.

 _____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE